## Chicago, Peoria & St. Louis Railway Company v. Lucy C. Zetsche, Administratrix.

1. CONTRIBUTORY NEGLIGENCE—*when person injured upon railroad crossing guilty of.* Held, from the evidence in this case, that the plaintiff, injured upon a railroad crossing, was guilty of contributory negligence which barred his recovery.

2. INSTRUCTION—*when, upon duty of railroad company at crossing, misleading.* An instruction which tells the jury that the defendant would be liable if it omitted either to ring a bell or sound the whistle on its engine when approaching a railroad crossing and which impliedly requires that such defendant should do both, is misleading and erroneous.·

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907.

H. L. CHILD and C. E. POPE, for appellant; BLUFORD WILSON and P. B. WARREN, of counsel.

F. C. SMITH and M. MILLARD, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case by Lucy C. Zetsche, administratrix of the estate of Hezekiah P. Zetsche, her deceased husband, brought in the City Court of East St. Louis, against the Chicago, Peoria & St. Louis Railway Company for damages sustained by reason of the death of Hezekiah P. Zetsche, which occurred at a highway crossing on the 17th day of August, 1906. The case was tried upon three counts of an amended declaration. The first count charges the defendant with negligence in driving a train of freight cars over a highway crossing in such manner as to collide with a wagon driven by the deceased; the second count alleges negligence in failing to give the statutory crossing signals; and the third count is for negligence in failing to have a lookout upon the end of the train to warn persons of its approach. It is alleged in each count that deceased was driving a wagon on the highway over the crossing with due care and diligence, that a train of cars moving upon the defendant's railroad collided with the wagon and by reason of the negligence alleged caused the injury and death of the plaintiff's intestate. The defendant pleaded not guilty and upon a trial by jury a verdict was returned in

favor of plaintiff for the sum of $10,000. A motion by the defendant for a new trial was overruled and judgment was entered on the verdict, from which the defendant appealed.

Appellant operates a railway running through St. Clair county, which crosses a highway known as the Brooklyn road, leading from the village of Brooklyn to East St. Louis. At the point of intersection the railroad is in line substantially north and south, and the highway in line northwest and southeast. The highway is slightly elevated above the surrounding country and in the vicinity of the crossing the tracks of the railroad are four or five feet above the level of the highway and eight feet higher than the general level of the ground on either side of the Brooklyn road.. Two other railroads cross the Brooklyn road within eighty feet east of appellant's crossing. Between the railroad right of way and the highway west of the crossing for a distance of a quarter of a mile was an open field with no buildings, trees or natural growth of any kind to obstruct the view or prevent a person upon the highway from seeing a moving train on the railroad. From a switch-point forty-five feet north of the highway, a track extends from the main track north and west connecting with the Wabash Railroad, which crosses appellant's road about 900 feet north of the crossing. This switch or cross-over track, after clearing the main track, is parallel to it for some distance and then curves towards the west. On the day of his injury, appellee's intestate was driving an oil tank wagon with canvas-covered top over the seat, on the Brooklyn road from the west, and while crossing the track was struck by a coal car in a train moving south, receiving injuries from which he died.

There was a sharp conflict of testimony as to the speed of the train, the statutory signals, and the lookout on the end of the train. Appellee's witnesses, six in number, four men and two boys, who at the time of the collision were in wagons on the highway, following

deceased, testify that they did not hear the bell or whistle nor see a lookout man on the car at the end of the train. They estimated the speed at from ten to twenty miles an hour. Four witnesses, the train crew, called by appellant, testified that the signals were given, that one of the crew was on the car as a lookout at the end of the train, and that the train was moving not to exceed six miles an hour. We will not stop to discuss the evidence bearing upon the issues of fact indicated by these conflicting statements. If the finding of the jury upon these questions alone established the appellee's right to recover, there would be less reason to challenge the verdict as contrary to the evidence than will be found upon examination of the evidence that a string of seven cars was on the sidetrack and obstructed the views from the highway, preventing deceased from seeing the moving train in time to avoid the collision. Whether deceased was in the exercise of due care and caution for his own safety as he approached and went upon the crossing was a question of vital importance in this case and as an affirmative material allegation in the declaration the burden of proof was upon the appellee. Unless cars were upon the sidetrack at the time of the injury in such position as to obstruct the view, the deceased's negligence and want of due care for his own safety is apparent. That this was an open country with unobstructed view between the railroad and highway for a quarter of a mile or more west of the railroad, and that both railroad and highway were elevated several feet above the general level of the land is not disputed. Under such conditions it is not reasonable to say that the deceased was in the exercise of due care for his own safety as he approached the track in front of the train, unless, as contended by appellee, there was a string of cars upon the cross-over track at the time of the collision. Seven witnesses testify positively that there were no cars upon the sidetrack within 800 feet of the cross-ing. Of these, the train crew, Edwards, Shears,

Coward and Harrington, were present when the collision occurred. Brown, freight agent of appellant at East St. Louis, was on the grounds thirty-five or forty minutes after the collision. Armstrong, yardmaster, was in his office a quarter of a mile away, and reached the scene of the accident within ten minutes, and Carlin, track foreman, got there a few minutes later, just as the train which struck the deceased was headed in on the sidetrack where it was taken shortly after the collision. All of appellee's witnesses testify that a string of seven box cars was on the sidetrack, but do not agree as to its exact location, some placing it with the south end thirty-five feet of the crossing, others within twenty-five feet, and one says about 400 feet. By survey, measurements and plats made by the county surveyor, a disinterested witness, a car could not have been nearer the crossing than 225 feet without interfering and colliding with a passing train on the main track, and there is no evidence of such interference. Measurements were also made by the track foreman with like results. This evidence of actual measurements, and the correctness of the plat in conformity therewith, are not disputed and, from this, it is fair to conclude that no car was on the sidetrack within 225 feet of the crossing, notwithstanding the testimony of appellee's witnesses, who must have erred in their estimate of the distance. It is quite clear that appellee's witnesses were mistaken as to any cars being nearer than 225 feet of the crossing, and from all the evidence and circumstances shown on the trial we think it quite probable that they were mistaken altogether, in their testimony that a string of seven box cars was on the sidetrack. Upon this question appellant's witnesses could not be mistaken. If any were there it was within the train crew's line of duty to move them. The train in their charge was run in on the sidetrack after the collision. If other cars were there it was necessary to move them, and in testifying that no cars were there they told the truth

or swore falsely. They could not be mistaken. The suggestion that the witnesses for appellant were interested to shield themselves from blame is without application to the track foreman and freight agent, neither of whom could in any way be held responsible for the negligence alleged. These two witnesses, at least, were no more interested, so far as appears in the record, than were the witnesses for appellee, and under the circumstances, we think, were less likely to be mistaken.

We think the verdict is against the clear preponderance of the evidence upon the question of due care and caution by the deceased.

Appellee's tenth given instruction reads: "The court instructs the jury that if you believe from the evidence that the defendant's agents or servants in charge of the engine and train in question omitted to ring the bell or sound the whistle continuously for the distance of eighty rods before reaching the highway crossing, such omission constitutes a presumptive case of negligence on the part of the defendant; and if you further believe from the evidence that Hezekiah P. Zetsche was struck and injured at the railroad crossing in question, as charged in either the first, second or third counts of the declaration, in consequence of the omission to ring the bell or sound the whistle, and that he was himself exercising all reasonable care and caution in that behalf for his own personal safety, then the defendant is liable to the plaintiff as administratrix for the loss and damage sustained by the widow and children of the deceased in their means of support by reason of such injury, if any such loss or damage has been proved." This instruction was erroneous, misleading and under the facts in the case highly prejudicial. The clear meaning of this instruction as the jury must have understood, is that the defendant would be liable if it omitted, either to ring the bell or sound the whistle. Impliedly it was required to do both. But even more to be condemned is that part of

the instruction which directs a finding for the plaintiff upon all the counts of the declaration if the evidence shows that Zetsche was struck and injured in consequence of the defendant's omission to ring the bell or sound a whistle. Only in the second count is it alleged that defendant was negligent in failing to give the statutory signals. The errors in the admission of evidence are not such as greatly to have prejudiced appellant in the trial. Some of the objections made should have been sustained, but as the errors in overruling them are not likely to be repeated on another trial, we refrain from further consideration of this contention. Under the evidence the sum allowed by the jury in damages largely exceeds the pecuniary loss sustained, when only those things are considered which the law permits to be taken into account. If this were the only error, it could be corrected by a *remittitur* entered in this court, but considered in connection with other errors indicated, we are constrained to reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*