**Lucy C. Zetsche, Administratrix, Appellee, v. Chicago, Peoria & St. Louis Railway Company, Appellant.**

This case is controlled by the decision in C., P. & St. L. Ry. Co. v. Zetsche, 135 Ill. App. 622.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

FOURTH DISTRICT—SEPTEMBER, 1908.    429

Zetsche v. Chicago, Peoria & St. Louis Ry. Co., 143. App. 428.

WILSON, WARREN & CHILD and C. E. POPE, for appellant.

F. C. SMITH and M. MILLARD, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of East St. Louis, by appellee against appellant, to recover damages sustained by reason of the death of appellee's intestate, alleged to have been caused by negligence on the part of appellant in the operation of a "cut" or train of cars over its railroad, at a public highway crossing. Trial by jury. Verdict and judgment in favor of appellee for $6,500.

The declaration consists of three counts. The first charges, that while the intestate was in the act of crossing a public highway, appellant negligently ran a train of freight cars against him, thereby causing his death. The second charges, that appellant failed to continuously ring a bell or sound a whistle for a distance of eighty rods, as required by statute. And the third charges failure to have a brakeman or lookout stationed upon the end of the approaching train.

On the occasion of intestate's injury he was driving an oil tank wagon, with canvas-covered top over the seat, along a public highway approaching appellant's railroad track from the west, and while crossing the track was struck by a "cut of cars" backing south, receiving injuries from which he died. The "cut" or train which struck him consisted of ten loaded coal cars and one empty, being pushed south from the Madison Yards, about a mile and a half north of the crossing. "He was struck by the south end of a coal car in a train being pushed from the north towards the south."

This case was before this court at a former term. In the former record we found material error in the giving of an instruction on behalf of appellee; we also found that the damages assessed upon that trial,

430    APPELLATE COURTS OF ILLINOIS.

Zetsche v. Chicago, Peoria & St. Louis Ry. Co., 143 App. 428.

$10,000, were excessive; and we felt, and expressed in our opinion, grave doubts as to the sufficiency of the evidence with respect to the question of due care and caution on the part of the intestate, at the time and on the occasion of his injury. We did not, however, find an absence of any evidence or reasonable inference in favor of appellee with respect to that question—we found and held, only, that the state of the evidence bearing pro and con upon that issue was such as to entitle appellant to a new trial; and so we reversed the judgment and remanded the cause for a new trial. We found the record on the former appeal substantially free from error except as above noted. See C., P. & St. L. Ry. Co. v. Zetsche, 135 Ill. App. 622.

Counsel for appellant devote the principal part of their extensive and able brief to their contention that the trial court erred in denying their motions to direct the jury to return a verdict in favor of appellant, and to their contention that this court should reverse the judgment without remanding. We have read the record and studied this case with great care, this time as well as on the former appeal, and it is clear to us that this is not a case that can be properly disposed of upon the theory that appellee has failed to make such a case as to entitle her to have the judgment of a jury upon it.

The present record comes to us purged of all the errors found in the previous one, and we do not find that any new errors have intervened. And further, we find that appellee's case is not only strengthened by a second verdict in her favor, but it is also strengthened by additional evidence. We are of opinion that upon the whole case the judgment of the City Court of East St. Louis should be affirmed.

*Affirmed.*